UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO VARGAS,<br><br>Plaintiff,<br><br>WARDEN, CSP CORCORAN, et al..<br><br>Defendants. | No. 2:19-cv-0892 DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's first amended complaint for screening. For the reasons set forth below, this court grants plaintiff's motion to proceed in forma pauperis and finds plaintiff has stated no cognizable claims under § 1983. Plaintiff will be given an opportunity to file an amended complaint.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

////

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II.     Analysis**

**A. Allegations of the First Amended Complaint ("FAC")**

Plaintiff filed his original complaint on May 17, 2019. Before the court had an opportunity to screen it, plaintiff filed an FAC on June 10, 2019. (ECF No. 6.) Because the filing of an amended complaint supersedes the original complaint, the court will screen the FAC. See E.D. Cal. R. 220.

Plaintiff identifies eight defendants: (1) Warden, California State Prison ("CSP")-Corcoran; (2) Warden, Mule Creek State Prison ("MCSP"); (3) Warden, California Health Care Facility ("CHCF"); (4) the "Secretary of Correction;" (5) Correctional Officer ("CO") Gonzales, CSP-Corcoran; (6) Jane Doe #4, a CO at CSP-Corcoran and/or MCSP; (7) Jane Doe #8 ("Claudia") a civilian "associate to correctional office;" and (8) Jane Doe #7 ("Julieta") a civilian associate to correctional office. (ECF No. 6 at 1-2.)

Plaintiff's complaint is extremely difficult to decipher. As best this court can tell, the following is a summary of the allegations in each of plaintiff's four claims. First, plaintiff states that in April 2017 an unidentified correctional officer at CSP-Corcoran "began a campaign of

3

reprisal and harassment." Plaintiff indicates that he was sexually harassed and threatened. He also states that he was recorded, by video and audio, in his cell and in the shower. Plaintiff also appears to allege that the retaliation was due to his rejection of a relationship request by "'Julieta' Sochil Gonzales." (ECF No. 6 at 3.)

In his second claim, plaintiff states that his mail was "stolen," he is under surveillance, he has been deprived of sleep, and had been denied access to medical services. He also states he is being harassed to "change my story." (ECF No. 6.)

In his third claim, plaintiff appears to be alleging that defendants interfered with his personal relationship with "Josefina C. Prado." He states he was told that one of the unnamed defendants paid a family member to file a sexual molestation charge against plaintiff. (ECF No. 6 at 7.)

In his fourth claim, plaintiff appears to be attempting to add numerous unnamed, or "Doe," defendants. He alleges they conspired to deprive plaintiff of medical treatment, of the right to speak to his attorney, and of practicing his religion. In addition, he alleges defendants violated his privacy regarding his sexual relationship. Finally, plaintiff contends that defendants have a device that allows voices to be heard in his cell, and other parts of the prison, at all hours, and at three prisons. Plaintiff contends he has been diagnosed as schizophrenic and forced into the prisons' mental health treatment programs due to defendants' acts. He again alleges various forms of sexual harassment.

### B. Does Plaintiff State Cognizable Claims?

Plaintiff's allegations are simply too vague and unclear to state claims for relief. The court has attempted to determine what constitutional claims plaintiff may be attempting to allege. Below, the court sets out the legal standards for each of those claims. Plaintiff will be given an opportunity to file a second amended complaint to attempt to state cognizable claims.

#### 1. Retaliation

To state a claim for retaliation under the First Amendment, a prisoner must state facts showing the following five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not

4

reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote and citations omitted). In other words, plaintiff must show he took part in conducted protected by the First Amendment. He must then describe what adverse action each defendant took against him. Finally, plaintiff must allege facts showing a connection between his conduct and the adverse action – he must show the reason for the defendant's adverse action was plaintiff's protected conduct.

### 2. Sexual Harassment

A prisoner may state an Eighth Amendment claim under § 1983 for sexual harassment if the alleged sexual harassment was sufficiently harmful, i.e., a departure from "the evolving standards of decency that mark the progress of a maturing society," and the defendant acted with intent to harm the prisoner. See Thomas v. District of Columbia, 887 F. Supp. 1, 3-4 (D. D.C. 1995) (citing Hudson v. McMillian, 503 U.S. 1, 6, 8 (1992)) (internal quotations and citation omitted). Sexual assault, coercion and harassment may violate contemporary standards of decency and cause physical and psychological harm. See Jordan v. Gardner, 986 F.2d 1521, 1525-31 (9th Cir. 1993) (en banc). A prisoner must establish that the alleged sexual harassment was egregious, pervasive and/or widespread in order to state a claim under the Eighth Amendment. See, e.g., id. at 1525-31 (prison policy requiring male guards to conduct body searches on female prisoners); Watson v. Jones, 980 F.2d 1165, 1165-66 (8th Cir. 1992) (correctional officer sexually harassed two inmates on almost daily basis for two months by conducting deliberate examination of genitalia and anus).

### 3. Verbal Harassment

Neither threats nor verbal harassment state a claim under § 1983. See Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom., Kush v. Rutledge, 460 U.S. 719 (1983); see also Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (allegations of harassment with regards to medical problems not cognizable); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner does not have cause of action under

§ 1983 for being called obscene name by prison employee); Batton v. North Carolina, 501 F. Supp. 1173, 1180 (E.D. N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983). However, if plaintiff was subjected to harassment in retaliation for the exercise of his First Amendment rights, he may be able to state a claim for retaliation.

### 4. Religious Discrimination

Prisoners are protected against discrimination on the basis of religion. See Cruz v. Beto, 405 U.S. 319, 321-22 (1972) (per curiam). The Equal Protection Clause of the Fourteenth Amendment requires that all similarly situated persons be treated equally under the law. City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). To state an equal protection claim, a plaintiff must allege facts demonstrating that defendants acted with the intent and purpose to discriminate against him based upon membership in a protected class or that defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment. Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001); see also Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

### 5. Interference with Mail

Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). Nevertheless, correctional institutions and jails have a legitimate government interest in imposing certain restraints on inmate correspondence to maintain order and security. See Procunier v. Martinez, 416 U.S. 396, 413 (1974), overturned on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 413–14 (1989). For example, inmates may have their mail screened to ensure that there is no contraband inside. Mangiaracina v. Penzone, 849 F.3d 1191, 1195 (9th Cir. 2017). Therefore, to state a claim for interference with his mail, plaintiff must show just what a defendant did that interfered with his mail and why there was no legitimate purpose for the interference.

### 6. Interference with Right to Communicate with Counsel

To show that a defendant or defendants interfered with his right to communicate with an attorney, plaintiff must show first that he was entitled to speak to an attorney. He must then describe just what each defendant did to interfere with that right and what harm it caused him.

6

### 7. Interference with Medical Treatment

A claim that defendants interfered with plaintiff's medical treatment arises under the Eighth Amendment. Plaintiff must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994). The prisoner must then satisfy the subjective requirement – showing that prison officials responded to the serious medical need with deliberate indifference. See Farmer, 511 U.S. at 834.

### III. Filing an Amended Complaint

Plaintiff will be given an opportunity to file an amended complaint. Plaintiff is advised that he must adhere to the following standards for stating claims for relief under § 1983.

- Plaintiff must clearly identify each defendant and describe just what that defendant did that violated his constitutional rights. Plaintiff should carefully review the legal standards set out above to determine whether a defendant's conduct amounts to a constitutional violation.
- Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

////

| | |
|---|---|
| 1 | • Plaintiff must make a short, plain statement of the facts supporting each claim. |
| 2 | See Fed. R. Civ. P. 8(a). |
| 3 | • Plaintiff may allege multiple claims against a single defendant. Fed. R. Civ. P. |
| 4 | 18(a). Each separate claim should be contained in a separate, numbered set of |
| 5 | paragraphs. However, Rule 20(a)(2) permits a plaintiff to sue multiple defendants |
| 6 | in the same action only if "any right to relief is asserted against them jointly, |
| 7 | severally, or in the alternative with respect to or arising out of the same |
| 8 | transaction, occurrence, or series of transactions or occurrences," and there is a |
| 9 | "question of law or fact common to all defendants." "Thus multiple claims against |
| 10 | a single party are fine, but Claim A against Defendant 1 should not be joined with |
| 11 | unrelated Claim B against Defendant 2. Unrelated claims against different |
| 12 | defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. |
| 13 | 2007) (citing 28 U.S.C. § 1915(g)). Simply alleging a "conspiracy" does not |
| 14 | transform unrelated claims into related claims. |
| 15 | • Any amended complaint must show the federal court has jurisdiction, the action is |
| 16 | brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations |
| 17 | are true. It must contain a request for particular relief. |
| 18 | • An amended complaint must be complete in itself without reference to any prior |
| 19 | pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the |
| 20 | original pleadings are superseded. |
| 21 | • Plaintiff must exhaust his administrative remedies before filing suit. 42 U.S.C. § |
| 22 | 1997e(a). |
| 23 | • Finally, plaintiff is advised that by signing an amended complaint, he certifies he |
| 24 | has made reasonable inquiry and has evidentiary support for his allegations, and |
| 25 | for violation of this rule the court may impose sanctions sufficient to deter |
| 26 | repetition by plaintiff or others. Fed. R. Civ. P. 11. |
| 27 | //// |
| 28 | /// |
8

# CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 7) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's first amended complaint (ECF No. 6) is dismissed with leave to amend.
4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint;" failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.
5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: June 13, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/varg0892.FAC scrn lta